**Nelson CELADA, AKA Nelson Mauricio Celada De Leon, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 15-73917**

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2017 *

Filed June 2, 2017

---

ed by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Frank P. Sprouls, Esquire, Attorney, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner

OIL, Matthew Allan Spurlock, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Nelson Celada, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen in absentia deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The BIA did not abuse its discretion in denying Celada's motion to reopen as untimely, where he filed the motion over nineteen years after his final order of deportation, *see* 8 C.F.R. §§ 1003.2(c)(2), 1003.23, and he has not demonstrated the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

In light of this disposition, we do not reach Celada's remaining contentions regarding the alleged ineffective assistance of counsel.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).